IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:21cr338-MHT** |
| | ) | (WO) |
| **CHRISTOPHER McWILLIAMS** | ) | |

ORDER

This case is before the court on defendant Christopher McWilliams's second motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for December 6, 2021, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, see *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or

>from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and McWilliams in a speedy

2

trial. Defense counsel represents that his client's application for pretrial diversion has been approved by the United States Attorney's Office, subject to a further investigation by the Probation Department and execution of a pretrial diversion agreement. The parties anticipate these items will be completed by January 2022, if not before. A continuance of the trial is therefore warranted and necessary to allow adequate time for Probation to complete its investigation and for a pretrial diversion agreement to be executed. In addition, the government does not oppose the motion.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue trial (Doc. 21) is granted.

(2) The jury selection and trial, now set for Dec 6, 2021, are reset for March 14, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United

States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct another pretrial conference prior to the March trial term and shall reset the change-of-plea and any other appropriate deadlines.

DONE, this the 8th day of November, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE